UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY K. GREENE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00711 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

### I. INTRODUCTION

Pending before the Court is the defendant's, the State of Texas (the "State"), motion to dismiss brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 8). The plaintiff, Roy K. Greene (the "plaintiff"), proceeding *pro se* and *in forma pauperis*, has failed to file a response and the time for doing so has long expired. Thus, pursuant to this Court's local rules, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex L.R. 7.4. After having carefully considered the motion, the pleadings, and the applicable law, the Court determines that the State's motion to dismiss should be **GRANTED**.

### II. FACTUAL BACKGROUND

On March 6, 2017, the plaintiff commenced the instant action against the State pursuant to § 1983, alleging violations of his rights to equal protection under the Fourteenth Amendment. The plaintiff's *pro se* complaint,[1] while not a model of clarity, appears to arise out of two separately-alleged workplace injuries occurring on July 22, 2009 and October 27, 2015, wherein

---

[1] Since the plaintiff is proceeding *pro se*, the Court construes the allegations of his complaint liberally. *See SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

the plaintiff alleges that he was denied legal representation by the Division of Workers' Compensation within the Department of Insurance based on the statutory provisions found in Tex. Lab. Code § 408.221, entitled "Attorney's Fees Paid to Claimant's Counsel." (*See* Dkt. No. 2 at 5; *see also* Dkt. No. 1). The plaintiff also asserts that the Texas Supreme Court's decision in *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012), prevents him from "hiring an attorney for enforcement of [his] rights to equal protection." (*Id.*) As such, he requests the following relief for the violations alleged: (1) that the Court "[s]trike as unconstitutional" the Texas Supreme Court's ruling in *Ruttiger*; (2) that the Court "[s]trike as unconstitutional" Tex. Lab. Code §§ 408.221(a) and (b); (3) that the State "[p]ay all [of his] past and future medical expenses and restore [his] income to present and future"; and (4) that the State "[r]ecompense [him] for pain and suffering caused by [the State's] illegal activities and laws." (*Id.*)

Specifically, in his one-paragraph Complaint, the plaintiff asserts the following:

> After both work injuries 10-27-2015 and 07-22-2009 denied legal representation in severe injuries by Department of Insurance division of workers comp statute 408.221 a and b because of non payment of income benefits and subsequent lack of attorney billing ability. Secondly I am prevented from hiring an attorney for enforcement of my rights to equal protection by Texas Supreme court ruling 08-0751. The ruling of the supreme court removes responsibility of Insurance carriers and places it on the state of Texas by an erronious [sic] reliance of code of DWC laws being enforced. All of reliances stated in Ruttiger case have been violated in my case. Neither of the statute or ruling cited treat similar parties as in elderly in a similar matter. Neither are facially neutral and create disparate impact. The actions of the state of Texas DWC and courts have left me Untreated for my injuries, Un paid [sic] income benefits unable to work. Further I will show that DWC never enforces some of reliances of 08-0751 TSC.

(Dkt. Nos. 1 & 2).

## III. STANDARDS OF REVIEW

### A. Standard Under Rule 12(b)(1)

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.") Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.") In making its ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts

evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

### B. Standard Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

IV.  **ANALYSIS AND DISCUSSION**

The plaintiff has instituted the underlying civil action against the State pursuant to § 1983, alleging a violation of his equal protection rights under the Fourteenth Amendment. The State moves to dismiss the plaintiff's complaint on various grounds, including: for lack of subject matter jurisdiction because the Eleventh Amendment bars the plaintiff's claims; for failure to state a claim because the State is not a "person" as defined by § 1983; and as time-

barred because the plaintiff's alleged 2009 injury occurred more than 2 years prior to the time in which the plaintiff commenced his lawsuit. This Court agrees.

Section 1983 generally provides an individual with a private right of action for the deprivation of rights, privileges, and immunities secured by the Constitution or laws of the United States.[2] *See* 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252 – 53 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 – 50, 108 S. Ct. 2250, 101 L. Ed.2d 40 (1988); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)). Here, the plaintiff alleges an equal protection claim against the State pursuant to § 1983 for his purported denial of legal representation based on Tex. Lab. Code § 408.221 and the Texas Supreme Court's decision in *Ruttiger* for workplace injuries he allegedly sustained in 2009 and 2015. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. In order to state an equal protection claim, a plaintiff must allege that "similarly situated individuals were treated differently" and that "purposeful or intentional discrimination" occurred for which no rational basis otherwise exists. *Stoneburner v. Sec'y of the Army*, 152 F.3d 485, 491 (5th Cir. 1998) (citing *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992); *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S. Ct. 1756, 95 L. Ed. 2d 262 (1987)). In this case, the plaintiff has satisfied none of the above-mentioned prerequisites.

---

[2] Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

Notwithstanding the aforementioned, however, it is well-settled law that suits brought by private citizens against a state and/or its agencies in federal courts are barred by the Eleventh Amendment, unless the state has waived its immunity or Congress has expressly and validly abrogated it. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (internal citations omitted). "Indeed, not only does the Eleventh Amendment preclude individuals from suing a state in federal court for money damages, it also bars injunctive and declaratory suits against the state, unless the state consents to suit, or its immunity is otherwise overcome by application of waiver, abrogation, or *Ex parte Young* doctrines." *Scott v. Supreme Court of Louisiana*, Civ. A. No. 12-2502, 2013 WL 1288565, at *3 (E.D. La. Mar. 27, 2013) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 – 01 (1984)) (other citations omitted); *see also Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 - 81 (5th Cir. 2002) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed.2d 605 (1993) ("When [, as here,] a state . . . is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity."). Although Congress does have the power to abrogate Eleventh Amendment immunity with regard to certain rights protected by the Fourteenth Amendment,[3] the Supreme Court has expressly held that § 1983 does not abrogate the states' immunity with regard to suits commenced against states in federal courts. *See Quern v. Jordan*, 440 U.S. 332, 342, 99 S. Ct. 1139, 59 L. Ed.2d 358 (1979). Since none of the aforementioned exceptions are applicable in this case and the plaintiff has not otherwise made

---

[3] Section 5 of the Fourteenth Amendment grants Congress the authority to abrogate the states' sovereign immunity. In *Fitzpatrick v. Bitzer*, for example. the Supreme Court recognized that "the Eleventh Amendment, and the principle of state sovereignty which it embodies, . . . are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S. Ct. 2666, 49 L. Ed.2d 614 (1976) (citation omitted).

any argument that would bring this case within any other statutory waiver of immunity, this Court lacks subject matter jurisdiction over the plaintiff's lawsuit. Accordingly, the State's motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(1) should be **GRANTED**.

Even assuming the plaintiff's claims were not barred by the doctrine of sovereign immunity, they still fail as the state is not a "person" as defined by § 1983. *See Klingler v. Univ. of S. Mississippi, USM*, No. 14-60007, 612 Fed. App'x. 222, 226 (5th Cir. 2015) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 – 70, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989) (reasoning that "the Supreme Court has held that states are not 'persons' under § 1983 and thus not amenable to suit."). Therefore, because the State is not a "person" capable of being sued under § 1983, the plaintiff has also failed to plausibly state a claim against the State under § 1983 and it should also be dismissed pursuant to Rule 12(b)(6). Given that this Court deems dismissal warranted on the grounds set forth above, it need not adjudicate the State's alternative theories for dismissal.

V. **CONCLUSION**

Based on the foregoing analysis and discussion, the State's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 31st day of May, 2017.

Kenneth M. Hoyt
United States District Judge